People v Cooper (2022 NY Slip Op 02763)

People v Cooper

2022 NY Slip Op 02763

Decided on April 26, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 26, 2022

Before: Renwick, J.P., Kapnick, Mazzarelli, Shulman, Pitt, JJ. 

Ind. No. 4311/16 Appeal No. 15752 Case No. 2019-5270 

[*1]The People of the State of New York, Respondent,
v
Chaunrel Cooper, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Alba Morales of counsel), and Weil, Gotshal & Manges LLP, New York (Joseph R. Rausch of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Noreen M. Stackhouse of counsel), for respondent.

Judgment, Supreme Court, New York County (Juan M. Merchan, J.), rendered April 17, 2018, convicting defendant, after a jury trial, of grand larceny in the third degree and sentencing him, as a second felony offender, to a term of 3½ to 7 years, unanimously affirmed.
The court providently exercised its discretion in granting the People's challenge for cause to a prospective juror who repeatedly stated that her work required her to be neutral and not reach judgments. She demonstrated that she had "a state of mind that [was] likely to preclude [her] from rendering an impartial verdict based upon the evidence adduced at the trial" (CPL 270.20[1][b]).
The court providently exercised its discretion in admitting, as past recollection recorded, a detective's notes of date and time stamps that appeared on screens as he downloaded videotapes, but which did not appear on the downloaded videos. All of the foundational requirements for admission under that doctrinewere met (see People v Tapia, 33 NY3d 257, 264 [2019], cert denied __ US __ ,140 S Ct 643 [2019]). The record clearly establishes that the detective made these notes as he was viewing the videos, and the fact that he later added defendant's name to his notes does not render them any less contemporaneous. Defendant did not preserve any claim that certain court-ordered redactions were not ultimately made, and we decline to review it in the interest of justice. As an alternative holding, we find any error to be harmless (see People v Crimmins, 36 NY2d 230, 241-242 [1975]).
Although police testimony identifying defendant in video footage should have been excluded (see e.g. People v Challenger, 200 AD3d 500, 501 [1st Dept 2021]), the error was harmless in light of the overwhelming evidence establishing defendant's participation in the crime. Defendant did not preserve his challenges to the detective's characterization of actions by defendant shown on a video, and we decline to review them in the interest of justice. As an alternative holding, we find the court properly admitted this limited testimony, accompanied by appropriate jury instructions, to explain why the police focused on defendant, in response to defense attacks on the investigation.
We perceive no basis for reducing the sentence. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 26, 2022